OPINION OF THE COURT
John A.K. Bradley, J.
This is a motion to dismiss the first count of the indictment, which charges the defendant with grand larceny in the third degree. Specifically, the Grand Jury minutes reveal that after the death of one Eugene Pogeweit, defendant’s former husband, defendant used a bank card and the appropriate PIN number to withdraw funds at an ATM from a Chemical Bank account in the name of Eugene Pogeweit in trust for Margaret Pogeweit (Ms. McManus).
*547 The People allege that the account in question (commonly referred to as a Totten trust) belonged to the deceased during his lifetime, and that "only upon the filing of a death certificate and an accompanying affidavit would the monies legitimately pass to the defendant.” The People have misconstrued the legal status of a Totten trust, and the motion to dismiss must be granted.
It is well settled that "larceny” cannot be committed unless the taking, obtaining or withholding of the property of another person is from the owner of the property. (See, People v Zinke, 137 Misc 2d 463 [NY County].)
According to the Penal Law an owner means any person who has a right to possession thereof superior to that of the taker, obtainer or withholder.
Pursuant to EPTL 7-5.2, the proper disposition of the funds in a Totten trust account is set forth in great detail. Reduced to their essentials, if the depositor survives the beneficiary, the trust terminates and title continues in the depositor. If, on the other hand, the beneficiary survives the depositor and the depositor has not revoked or otherwise affected the trust, the trust terminates and title to the funds vests in the beneficiary free and clear of the trust.
While the representative of Chemical Bank who testified before the Grand Jury stated that a death certificate and affidavit must be produced to entitle the beneficiary to the funds, the proof required by the bank in order to disburse the funds is not the relevant inquiry (it is merely a prudent banking practice). Title is the relevant inquiry under the facts and circumstances of this particular case. Title vests in the beneficiary upon the depositor’s death. Accordingly, because the defendant cannot have committed larceny if the account in fact belonged to her at the time of the withdrawals, the indictment as to count one cannot stand.
There has been no evidence presented that the decedent depositor properly revoked, before his death, the trust by a method authorized by EPTL 7-5.2 (1) or (2) but it is not clear whether such evidence can be presented.* While the first count of the indictment must be dismissed, leave to re-present is granted.

 EPTL 5-1.4, which provides that a divorce revokes a disposition in a will to the former spouse, does not apply to a Totten trust.